HEMPORT CORPORATION, Appellant, v. SUTTER-RALPH CORPORATION, Respondent.— In this action plaintiff sought a declaratory judgment determining its right as tenant to make a proposed addition or alteration to the demised premises. Defendant counterclaimed for an injunction restraining the plaintiff from demolishing and destroying any portion or portions of the demised premises. On appeal by plaintiff from a judgment dismissing the complaint on the merits and granting judgment to defendant on its counterclaim, judgment modified on the law by inserting at the end of the injunctive part thereof the following: " except as provided in paragraphs 5, 6, 14 and 15 of the aforesaid lease," and as so modified unanimously affirmed, with costs to respondent. Denials of plaintiff's proposed findings 10, 11, 12, 22, 23, 33 and 35 are reversed, and they are found with the addition of the words " with the consent of the landlord " at the end of findings 10, 11 and 12. Finding 17 of the decision is reversed and refused. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

CHARLOTTE HORR and CHARLES GEORGE HORR, Respondents, v. HENRY WESSELS and SOPHIA WESSELS, Appellants.— In an action to recover damages for personal injuries sustained as the result of a nuisance created by the negligent construction of a sidewalk by defendants, order granting plaintiffs' motion to strike out as sham and frivolous, pursuant to rule 103 of the Rules of Civil Practice, certain parts of the defense contained in the fourth paragraph of the answer, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

In the Matter of the Petition of MORRIS ABRAMOWITZ to Render and Settle His Account as Administrator of BARNET ABRAMOWITZ, Deceased. EDNA SCHALLER, Appellant; MORRIS ABRAMOWITZ, as Administrator, etc., of BARNET ABRAMOWITZ, Deceased, Respondent.— Decree of the Surrogate's Court of Kings county settling the account of administrator and confirming the report of a referee appointed to hear and determine, reversed on the law and the facts, with costs to appellant, payable out of the estate, and administrator directed to file an amended account within twenty days after the entry and service of the order hereon and to include therein, as an asset of the estate for which he is charged, twenty-three shares of the capital stock of B. Abramowitz, Inc., and matter remitted to the Surrogate's Court to enter a new decree in conformity herewith. In our opinion, the finding that the stock in question belonged to the administrator personally was against the weight of the credible evidence. The question of the value of this stock dependent in a substantial measure upon the validity of the conveyances of the properties and the sale of a business, must await future determination, if an issue arises with respect thereto. Appeals from so-called order confirming referee's report and from that report dismissed. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.